# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANNY LEE BELCHER,<br><br>    Defendant. | No. CR05-4027-MWB<br><br>**ORDER** |

The defendant Danny Lee Belcher has filed a motion (Doc. No. 20) to strike what he deems "surplus language" from the Indictment. Belcher is charged in a single count alleging he conspired to distribute and possess with intent to distribute methamphetamine, "after having been previously convicted of at least one felony drug offense," which allegedly occurred in Clay County in May 2001. (*See* Doc. No. 1) The plaintiff (the "Government") has filed a notice that it intends to seek enhanced penalties against Belcher arising from the prior felony drug conviction, and Belcher has filed a response in which he denies that he has a prior felony drug conviction. (Doc. Nos. 18 & 19) In the current motion, Belcher claims the Government's filing of the notice and Belcher's response are sufficient to bring the matter before the court, and he argues including the allegation in the Indictment is surplusage and unnecessary. (*See* Doc. No. 20) Although the Government resists striking the language from the Indictment, the Government "agrees with defendant's request that there be no mention of defendant's prior felony drug conviction as stated in the indictment . . . during the trial." (Doc. No. 21)

The Eighth Circuit Court of Appeals has considered the minimum requirements for a sufficient indictment on numerous occasions. In *United States v. Cuervo*, 354 F.3d 969 (8th Cir. 2004), the court explained:

> "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); *see [United States v.] Dolan*, 120 F.3d [856,] 864 [(8th Cir. 1997)] ("To be sufficient, an indictment must fairly inform the defendant of the charges against him and allow him to plead double jeopardy as a bar to future prosecution."). Typically an indictment is not sufficient only if an essential element of the offense is omitted from it. *[United States v.] White*, 241 F.3d [1015,] 1021 [(8th Cir. 2001)].

*Cuervo*, 354 F.3d at 983. *See Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609, 140 L. Ed. 2d 828 (1998) ("[T]he first and most universally recognized requirement of due process" is that a defendant receive "real notice of the true nature of the charge against him.") (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S. Ct. 572, 574, 85 L. Ed. 859 (1941)).

The Eighth Circuit has considered whether the inclusion of sentencing factors in an indictment constitutes error, and has concluded it does not. "While the objected to language is surplusage to the substantive charge, its inclusion in the indictment serves a valid and useful purpose in that it gives notice to the defendant from the start that the government intends to seek the enhanced sentence if the defendant is convicted." *United States v. Washington*, 992 F.2d 785, 787 (8th Cir. 1993).

To the extent Belcher's concern about the surplus language arises from a desire not to have information about any alleged prior felony conviction brought before the jury, the

Government has represented it does not intend to offer such evidence at trial. (*See* Doc. No. 21) *See also Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000) ("the fact of a prior conviction" need not be decided by the jury, but may be decided by the court at the time of sentencing).

Based on the Government's representation, the Government is prohibited from offering evidence of any alleged prior felony drug conviction at the trial of this case. Therefore, Belcher's motion to strike the language from the Indictment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 13th day of July, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT